**Other Orders/Judgments**

1:20-cv-00449-JL Amatucci v. Wolfeboro, NH, Town of et al **CASE CLOSED on 08/11/2021**

CLOSED

.

# U.S. District Court

# District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 6/22/2022 at 11:10 AM EDT and filed on 6/21/2022
**Case Name:**      Amatucci v. Wolfeboro, NH, Town of et al
**Case Number:**    1:20-cv-00449-JL
**Filer:**
**WARNING: CASE CLOSED on 08/11/2021**
**Document Number:** No document attached

*CASE 464-2018-CR-1490* (handwritten)

**Docket Text:**
**ENDORSED ORDER denying without prejudice [42] Response to the Report and Recommendation Dated Feb. 28, 2022 Stating a Void Judgment is Never Final (5638) (entered in 21-cv-1081).** *Text of Order: Document No. 42/#5638 in this case is Plaintiff Josephine Amatucci's Response to the Report and Recommendation Dated Feb. 28, 2022. That filing challenges a February 28, 2022 R&R which issued in* Amatucci v. Town of Wolfeboro, *No. 21-cv-1081-LM (Case 21-1081). However, Mrs. Amatucci has identified the docket number in which this document should be filed as: BASICALLY CASE 449 NOT NOT NOT 21-CV-1081, indicating that she does not wish that this filing be docketed in the case to which it refers, Case 21-1081. As the file references documents and a defendant not present in this case, Document No [42], to the extent it seeks any relief in this case, is DENIED without prejudice to Mrs. Amatucci's ability to seek such relief in an appropriate case. So Ordered by Judge Joseph N. Laplante.(jb)*


**1:20-cv-00449-JL Notice has been electronically mailed to:**

**1:20-cv-00449-JL Notice, to the extent appropriate, must be delivered conventionally to:**

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896

5638

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

town of Wolfeboro, et al                CASE 464-2018-cr-1490

RESPONSE TO THE

REPORT AND RECOMMENDATION

DATED fEB. 28, 2022

STATING A VOID JUDGMENT IS NEVER FINAL


1.      In her Report & Recommendation Magistrate Johnstone named as a defendant in my lawsuit, "JUDGE" Charles Greenhalgn, but I never named a JUDGE as a defendant, I named an individual by the name of Charles Greenhalgn, so I have NO IDEA what Johnsone is talking about, when she gave Greenhalgn, acting as an individual, JUDICIAL IMMUNITY. This is called an ABUSE OF PROCESS, when the Magistrate is setting in motion an unconscionable scheme to dismiss the Plaintiff's meritorious claims. In a matter of an obstruction of justice.

2.      Charles Greenhalgn was not acting as a judge, had no jurisdiction to Act, and therefore had no judicial immunity. He knew all along there was no Assault with Bodily Injury, there was no victim, and he had the duty to dismiss

1

the Complaint. And in not doing so, he violated Due Process. and lost all jurisdiction to hear the case. Where therefore his judgments and decisions were VOID OF NO LEGAL FORCE. bu continuing to hear the case he had no authority to hear.

3.      When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid Constitutional rights, he expressly deprives himself of jurisdiction, judicial immunity is lost. Rankin v. Howard, Davis v. Burris 51 Ariz. 220, 75 P.2d 689 (1938). The Illinois Supreme Court held that "if a judge has no jurisdiction, then he and those who advise and act with him, or execute his process, are TRESPASSERS". Von Kettler v. Johnson. Under Federal law the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not avoidable but simply VOID AND FORM no bar to a recovery sought, even PRIOR TO A REVERSAL IN OPPOSITION TO THEM. Judge Greenhalgn was engaged in treason. U.S. v. Will 449 U.s. 200, 216 101 S.C. 471, 66 L.Ed.2d 392, 406 (1980).

4.      Void judgments NEVER DIE, "Rulings made in violation of Due Process are VOID. Reid v. Balter (1993) 14 Cal. App.4th 1186. When a judge does not follow the law they are TRESPASSORS OF THE LAW, they lose jurisdiction and his orders are VOID OF HE LEGAL FORCE OR EFFECT. Scheur v. Rhodes (1974).

## A VOID JUDGMENT IS NEVER FINAL

5.      As far as the Belnap Sheriffs dept. is concerned they also violated Due Process, when they KNEW that there was no Assault with Bodily Injury, yet they maliciously prosecuted the Plaintiff for the crime. And in doing so they are accused of a malicioous prosecution, without probable cause, violating the Fourth Amendment for

her unlawful detention she had to endure during the trial, for the loss of her liberty, all WITHOUT PROBABLE CAUSE. Fraudulent Concealment, where there are no restrictions under Fraud.

6.      Yet with all the exculpatory evidence before the court, the court with flimsy pretextes is trying to dismiss the case.

### A VOID JUDGMENT IS NEVER FINAL

7.      The claims of an unlawful detention, a loss of liberty, a malicious prosecution all without probable casue, in a violation of Due Process, are MERITORIOUS CLAIMS that were never litigated .... ON THE MERITS. *No Res Judicata*

### A VOID JUDGMENT IS NEVER FINAL

8.      Magsitrate Johnstone never addressed the evidence In the record where a statement was made by the alleged victim Robert Maloney, who stated very clearly that there was NO INJURY. Judge Johnstone never addressed that the Plaintiff was being prosecuted WITHOUT PROBABLE CAUSE. So how could the case result in a final judgment ON THE MERITS. *No Res Judicata*

9.      In the 531 case Judge DiClerico addressed his ruling WITHOUT PREJUDICE, he stated that the Plaintiff was not arrested, seized or taken into custody and therefore there was no fourth amendment claim. He was wrong, as according to the United States Supreme Court in the case of Albright v. Oliver, the court stated that a detention for having to appear in court is a "SEIZURE" under the Fourth Amendment. That there is no requirement to show a favorable outcome in the criminal proceeding except to show an UNLAWFUL UNREASONABLE 'SEIZURE"

10.     Therefore this court cannot say that under Res Judicata this ruling by Diclerico was on the merits. And remember he stated his ruling was WITHOUT PREJUDICE.

3

### A VOID JUDGMENT IS NEVER FINAL

11.     Therefore, this case will be litigated under a Civil Rights violation, and under an individual named Charles Greenhalgn, who lost all jurisdiction to Act in this case, and as an Individual Greenhalgn has no JUDICIAL IMMUNITY.

### A VOID JUDGMENT IS NEVER FINAL

12.     Therefore under my right to Redress my Grievences in Court, under my right to access the Courts, and under the fact that a VOID JUDGMENT and FRAUD IS NEVER FINAL, the Plaintiff will never stop defending her meritorious claims, and if the judges refuseS her right to a jury trial for the violations of her Civil Rights, the judge will be a TRESPASSOR OF THE LAW, and must step down from this case.

13.     Don't anyone dare to threaten me with a restriction to address my meritorious claims, as a VOID JUDGMENT IS NEVER FINAL under the law, and under the First Amendment the court cannot restrict my right to access the courts.

14.     Therefore, the Court will litigate and judge:

   (a) the unlawful malicious proecution without probable cause;

   (b) the unlawful detention and violation of her liberty rights;

   (c) the warrant that issued based on fraud;

   (d) a Fourth Amendment unlawful detention without probable cause;

   (e) a violation of Due Process;

   (f) the Sheriff and Greenhalgn knew there was no Assault with Bodily injury;

   (g) Greenhalgn had no jurisdiction to hear the case;

   (h) Greenhalgn's judgments and decisions are VOID OF NO LEGAL FORCE.

   (i) are Meritorious claims for damages under the LAW OF THE LAND.

   (j) Unlawful Acts against an elderly 80 year old person.

15.     And allow me a jury trial for damages as mandated under the Federal Constitutional law.  Or they are TRESPASSORS of the law.

Respectfully,

Josephine Amatucci

March 8, 2022

c.  town of wolfeboro,  belnap sheriff's  dept.

*Josephine Amatucci*

5739

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci

v.

Town of Wolfeboro, et al


RESPONSE TO JUDGE'S ORDER OF 6/21/2022

UNDER CASE NO. 1:20-CV-00449-JL

JUDGE ASKING FOR AN APPROPRIATE CASE


1.      In order for the Court to file the Plaintiff's claims in the appropriate case, please find attached the Plaintiff's motion applied to each and every docket number that has been applied to this case by the courts, for the judge to apply her motion to the correct case with the correct docket number.

2.      And for the judge to proceed to allow summary judgment, a judgment as a matter of law, for the case to move forward to a jury trial of her peers, for DAMAGES only, as allowed under the Fourth Amendment of the Federal Constitution, under the law of the land, for a Malicious Prosecution without probable cause, by the defendants, against the Plaintiff, WITHOUT PROBABLE CAUSE. and For a warrant that was based on Perjury. Etc.

1

Respectfully,

Josephine Amatucci

July 5, 2022

c. Town, Belnap Sheriff's Dept.

*Josephine Amatucci*

F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

"Recusal under Section 455 is self-executing: a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

*Violation of Due Process*

Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

If you were a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself.

However, since not all judges keep up to date in the law, and since not all judges follow the law, it is possible that a judge may not know the ruling of the U.S. Supreme Court and the other courts on this subject. Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since